911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Joe STEWARD, Defendant-Appellant.
 No. 89-2100.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1990.*
Decided Aug. 28, 1990.
 
 Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge and PELL, Senior Circuit Judge.
 
 Order
 
 1
 Bobby Joe Steward bought a house in 1980, executing a note and mortgage in favor of the Farmers Home Administration. He has not made a payment on the note since 1984. Not surprisingly, the FmHA accelerated the loan. Steward took an administrative appeal and asked for a hearing in Mount Vernon, Indiana, representing that he could not appear elsewhere. The FmHA set the appeal for hearing in Jasper, Indiana, about 80 miles from Mount Vernon. Steward did not attend. The FmHA considered the appeal closed and began foreclosure proceedings in the district court. Steward opposed these on the ground that he had not been granted an administrative hearing. He also filed a counterclaim under the Federal Tort Claims Act, contending that the FmHA is responsible for his purchase of an overpriced house. The district court dismissed the counterclaim as barred by the misrepresentation exception to the FTCA, 28 U.S.C. Sec. 2680(h), and later ordered foreclosure and sale of the property.
 
 
 2
 Steward's objection to the foreclosure rests on the belief that the FmHA had to accommodate his desire for a hearing in Mount Vernon. Whether Steward conceives this as a statutory or constitutional argument is hard to say. Either way, it has no merit. The district court determined that at the time of the hearing Steward was employed and owned a car. He could have attended the hearing had he chosen to do so. Neither the due process clause nor any statute requires an agency to set a hearing in the city of Steward's choosing.
 
 
 3
 As for the counterclaim: aside from sovereign immunity, it is hard to see the tort. Steward's contention is apparently that the FmHA let him buy the house without warning him that the property was not worth the price of $29,000. According to Steward, the house is not properly insulated, lacks screen windows and doors, lacks an adequate waste removal system, and is too close to a landfill, resulting in contamination. He does not say, however, that the FmHA undertook to supervise the construction of the house, as in Block v. Neal, 460 U.S. 289 (1983). He does not even say that the FmHA gave him a report misrepresenting the value of the house, as in United States v. Neustadt, 366 U.S. 696 (1961). The theory seems to be implied misrepresentation: the FmHA is supposed to make loans only when the property is worth more than the sum advanced, and therefore the making of the loan necessarily represents to the borrower that the property is worth the price. If the FmHA had made such a representation expressly, then the claim would be barred by Sec. 2680(h). That the supposed misrepresentation is implicit rather than express does not avoid the effect of Sec. 2680(h), although it may also show that there was no tort of any kind. At all events, the district court did not err in dismissing the counterclaim.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Defendant-appellant has filed such a statement. After consideration of the statement, briefs, and record, the court concludes that oral argument is unnecessary